UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION,<br>    Plaintiff<br><br>V.<br><br>TRICIA JEAN MURPHY, LYNN ANN POWERS, MARK ASHLEY WOOD, PENNY JEAN WOOD, and SANDRA LEE WOOD,<br>    Defendants | CIVIL ACTION NO. 04-40207FDS |

**MEMORANDUM IN SUPPORT OF OHIO NATIONAL LIFE ASSURANCE CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS AND ATTORNEYS' FEES**

**NATURE AND STATUS OF PROCEEDINGS**

This is an action for interpleader to resolve a dispute over the proceeds of two annuity contracts owned by the decedent, Shirley B. Wood, with Ohio National Life Assurance Corporation ("Ohio National"). Shirley B. Wood was the owner and annuitant of Single Premium Deferred Annuity Contract No. S6624189 with a contract date of April 23, 2002, and Single Premium Deferred Annuity Contract No. S1509418 dated September 16, 2003 (the "Contracts"). The defendants are the children of Shirley B. Wood. Shirley B. Wood had designated all of the defendants as the beneficiaries of the Contracts. Shirley B. Wood died on February 7, 2004.

On or about February 17, 2004, Ohio National received notice of Shirley B. Wood's death and that on February 6, 2004 Shirley B. Wood allegedly changed the beneficiary on both

Contracts to solely Sandra Lee Wood. The death benefit value of Contract No. S1509418 is $65,620.94. The death benefit value of Contract No. S6624189 is $24,152.18.

Because it had not received notice of a change in beneficiary prior to Shirley B. Wood's death, Ohio National notified the defendants on August 18, 2004 that the proceeds from the Contracts would be distributed equally among all defendants unless written notice of an objection was received within thirty days.

Sandra Lee Wood objected to the distribution of the proceeds of the Contracts to all the defendants equally and contends the proceeds should be paid solely to her. One or more of the remaining defendants contends that the proceeds from the Contracts should be distributed equally. Thus, a dispute exists among the defendants regarding who are the beneficiaries under the Contracts and how the proceeds from the Contracts should be distributed among them.

Ohio National filed a Complaint for Interpleader pursuant to Federal Rules of Civil Procedure 22 and 28 U.S.C. §§1335, 1397 and 2361 to require the defendants to interplead and settle among themselves their rights to the proceeds of the Contracts. Three of the five defendants have answered the interpleader complaint.

Ohio National is a disinterested stakeholder, who had conceded liability, has deposited the disputed funds into court, and now seeks a discharge from liability and an award of attorneys' fees and costs.

## ARGUMENT

### A.   OHIO NATIONAL SHOULD BE DISCHARGED FROM FURTHER LIABILITY.

Ohio National seeks judgment on the pleadings discharging it from any further liability. 28 U.S.C. § 2361 provides that in "any civil action of interpleader a district court may discharge the plaintiff in interpleader from further liability, enjoin the parties from instituting further

actions related to the stake, and make all other appropriate orders.  If an interpleading plaintiff has no interest in the stake he should be dismissed."  See Sun Life Assurance Co. of Canada v. Estate of Chan, 2003 U.S. Dist. LEXIS 16943 (N.D.Cal. 2003); Metropolitan Life Insurance Co. v. Foley, 2002 WL 3139978 at *4, (E.D.La., Oct. 22, 2002).

Where an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between the other parties, its interpleader action is properly filed, and no genuine issue exists as to its rights and liabilities, "it should be discharged from any and all liability arising out of or based on the policies involved, except to pay the proceeds of such policies to the party or parties ultimately adjudged to be entitled thereto."  Rosenberger v. Northwestern Mut. Life Ins. Co., 176 F. Supp. 379, 385 (D.Kan. 1959), modified 182 F. Supp. 633 (D.Kan. 1960).  See Francis I. du Pont & Co. v. Sheen, 324 F.2d 3, 5 (3d Cir. 1963) (When a plaintiff in interpleader has paid the amount of his admitted debt into court and, after notice and opportunity to be heard, the claimants have been ordered to interplead, the law normally regards the plaintiff as having discharged his full responsibility in the premises and the court often enters an order finally relieving the plaintiff of further responsibility and permanently enjoining the claimants from harassing him."); National Mutual Insurance Company v. Eckmen, 555 F.Supp. 775 (D.Del. 1983) (where plaintiff has met the statutory prerequisites for interpleader, has admitted liability to pay the insurance proceeds to the proper beneficiary, and has no interest in the insurance proceeds or other stake in the outcome of the dispute between the disputing claimants, plaintiff is thus a disinterested stakeholder, and the court will, in its discretion, discharge it from all further liability to defendants).

Ohio National has met the statutory prerequisites for interpleader, has admitted liability to pay the insurance proceeds to the proper beneficiary, and has no interest in the insurance

proceeds or other stake in the outcome of the dispute between the disputing claimants. Ohio National is thus a disinterested stakeholder, and the Court should discharge it from all further liability to defendants. American Home Life Insurance Company v. Barber, 2003 U.S. Dist. LEXIS 9365 (D. Kan. May 16, 2003).

  **B. OHIO NATIONAL IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES.**

  Ohio National has incurred $8,785.00 in connection with maintaining this interpleader action and filing motions to deposit funds and for discharge, and $194.54 in costs. See Affidavit of Joseph M. Hamilton. "[C]ourts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." Abex Corp. v. Ski's Enterprises. Inc., 748 F.2d 513, 516 (9th Cir. 1984). The Ninth Circuit has explained that "the proper rule . . . in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading." Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir. 1962). "The court has discretion to award attorneys' fees and costs: (1) against the losing claimants as costs to such claimants, (2) from the fund payable to the winning claimants, or (3) by dividing the fees among the claimants." Nestle Beverage Co. v. Bayerische Vereinsbank S.A., 1993 WL 96584, *3, N.D.Cal., Mar 24, 1993 (citing to Schirmer, 306 F.2d at 195).

  As a general matter, a court will normally award fees from the proceeds where "(1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." Septembertide Publ'g v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989). Several considerations justify awarding the plaintiff attorneys' fees from the interpleader fund:

> It is thought appropriate to award counsel fees to [a disinterested] stakeholder because the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making. Moreover, the stakeholder is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claim and by safeguarding the disputed fund by deposit in court, which at the same time guarantees the prevailing claimant immediate satisfaction without the need for execution proceedings.

3A Moore's Federal Practice, at 22-171, 22-173.

Ohio National has met all of the aforementioned criteria for awarding attorneys' fees and costs from the Contracts.  It is a disinterested stakeholder.  Ohio National has conceded its liability to pay the proceeds of the annuity contracts to one or more of the defendants.  On January 27, 2005, it deposited the disputed funds into escrow with this Court, and by way of this motion has sought a discharge from liability.  Therefore, Ohio National is entitled to an award of reasonable attorneys' fees in the amount of $8,785.00, and costs in the amount of $194.54.

OHIO NATIONAL LIFE ASSURANCE CORPORATION

By its attorneys,

    /s/  Joseph M. Hamilton
Joseph M. Hamilton, BBO #546394
Kristina H. Allaire, BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: February 8, 2005

6

## CERTIFICATE OF SERVICE

      I, Joseph M. Hamilton, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to John Sousa, Esq., 285 Main Street, Worcester, MA 01608; Bobby L. Hazelton, Esq., Fletcher, Tilton & Whipple, PC, 370 Main Street, Worcester, MA 01608; Tricia Jean Murphy, 5 Trowbridge Circuit, Worcester, MA 01603; and Mark Ashley Wood, 117 Moreland Street, Worcester, MA 01609-1043.

                                                                           /s/ Joseph M. Hamilton

Dated: February 8, 2005