UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION,<br>           Plaintiff<br><br>v.<br><br>TRICIA JEAN MURPHY, LYNN ANN POWERS, MARK ASHLEY WOOD, PENNY JEAN WOOD, and SANDRA LEE WOOD<br>           Defendants | CIVIL ACTION NO.<br>04-40207/FDS |

**MEMORANDUM IN SUPPORT OF SANDRA LEE WOOD'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS AND ATTORNEY FEES**

Sandra Lee Wood ("Sandra Wood") does not oppose a separate judgment entering in favor of the plaintiff; but Sandra Wood does oppose the award of attorney fees, the amount of the requested award of attorney fees, and the manner in which plaintiff is requesting the award. The determination of beneficiaries is a normal business operation of an insurance company, and thus, should not be the subject to an award of attorney fees. Even if the court decides that plaintiff should receive attorney fees, the amount of $8,785.00 requested by the plaintiff is excessive based on this stage of the proceedings. Moreover, the plaintiff has initiated its request for attorney fees prematurely, and Sandra Wood requests leave to supplement this motion based on the time schedule for a properly submitted motion.

### I.     *Plaintiffs cannot acquire attorney fees for its normal business expenses by invoking interpleader.*

The determination of conflicting claims of beneficiaries is an ordinary cost of doing business for an insurance company which should not be transferred to the defendants by invoking interpleader. Fidelity Bank v. Commonwealth Marine & General Assurance Co., 592 F. Supp. 513, 525 (D. Pa., 1984); Mutual of Omaha Insurance Co. v. Dolby, 531 F. Supp. 511, 516 (E.D.Pa.1982); Companion Life Ins. Co. v. Schaffer, 442 F. Supp. 826, 830 (D.N.Y., 1977); Travelers Indemnity Company v. Israel, 354 F.2d 488, 490 (2d Cir. 1965); Fidelity & Deposit Co. of Maryland v. A to Z Equipment Corp., 258 F. Supp. 862, 863 (E.D.N.Y. 1966). Interpleader relieves the insurance company of multiple suits and an interpleader action is brought primarily in the company's own self-interest. Schaffer, 442 F. Supp. at 830 citing Minnesota Mut. Life Ins. Co. v. Gustafson, 415 F. Supp. 615, 618-19 (N.D. Ill. 1976).

The facts of this case are substantially the same as a myriad of federal cases where attorney fees have been denied to the insurance company. In fact, Dolby presents an almost identical set of facts. In Dolby, the decedent bought a life insurance policy from an insurance company and named a specific beneficiary. Dolby, 531 F. Supp. at 516. At a later time, the decedent changed the beneficiary, and the original beneficiary challenged the validity of the change of beneficiary form after the decedent's death. Id. In the instant case, the exact same set of circumstances apply. The decedent originally named all five defendants as beneficiaries under her annuity contract with the plaintiff. Prior to her death, Ms. Shirley Wood changed the beneficiary to Sandra Lee Wood individually. Defendants Powers and Penny Jean Wood challenge the change in beneficiary. "Such disputes are part of the ordinary course of business

for an insurance company; to award [plaintiff] its fees and costs in this action would be to permit [plaintiff] to shift some of its ordinary business expenses to the claimants." Id. at 516 citing Companion Life Ins. Co. v. Schaffer, 442 F. Supp. 826, 830 (S.D.N.Y.1977); and Travelers Indemnity Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965) *replacement mine*.

## II.     *The requested amount for attorney fees is excessive.*

At this stage of the proceedings, plaintiff's legal responsibilities have consisted of: (1) Filing a complaint; (2) Serving the complaint by mail on the defendants; (3) Preparing a motion for depositing funds; and (4) Preparing the instant motion for judgment on the pleadings. Each and every one of these actions involves routine procedures and does not require any specialized or advanced knowledge of applicable law. Nevertheless, plaintiff has requested $8,979.46 in costs and fees to perform these routine actions. Included in this estimate are over two hours of time to send out form letters, and multiple reviews of the Federal Rules of Civil Procedure. Plaintiffs also allege a phone call to this court in excess of two hours, numerous separate instances of research, and over $1,000 in time to review the file and prepare a summary. The amount of the request is clearly excessive in light of the routine procedures required to advance the action to this stage of litigation.

If the court decides to grant plaintiffs an award of attorney fees, Sandra Wood requests that the court limit the award to a reasonable amount. "The priority of a counsel fee award . . . is committed to the sound discretion of the trial court which considers what is 'appropriate' under the circumstances." Brose v. International Fidelity Insurance Co., 547 F. Supp. 149, 151 (E.D.Pa.1982) (quoting Dolby, 531 F. Supp. at 516); accord J.A.

Jones Construction Co. v. Southern Stress Wire Corp., 575 F. Supp. 365, 369 (N.D.Ga.1982). Additionally, Sandra Wood requests leave to submit affidavits detailing a reasonable amount for attorney fees to supplement this motion. Sandra Wood requests at least as much time as she would normally have if the motion had been submitted pursuant to Federal Rules of Procedure 54(d).

### III.     *The motion is improper under the Federal Rules of Civil Procedure.*

Plaintiff has made its request for attorney fees pursuant to Federal Rules of Civil Procedure 12(c). In attaching a request of attorney fees to this motion, plaintiff is asking the court to consider information outside the pleadings, namely the affidavit of plaintiff attorneys and the invoices accompanying the affidavit. If the court considers this information in its determination, it should treat the motion as a motion for summary judgment pursuant to Federal Rules of Civil Procedure 54. Rule 12(c), Federal Rules of Civil Procedure. If the court considers this information, defendants should be allowed an enlarged period of time to respond. *Id.* If the court excludes the information, then the issue of attorney fees would not be before the court on this motion.

Should the court consider plaintiff's motion as two separate motions, the motion for attorney fees is premature. Motions for attorney fees must be made pursuant to Federal Rules of Civil Procedure 54. Lincoln Income Life Ins. Co. v. Harrison, 71 F.R.D. 27, 32 (D. Okla., 1976). See also, Rule 54(d), Federal Rules of Civil Procedure. A motion for attorney fees must cite the underlying judgment. Rule 54(d), Federal Rules of Civil Procedure. As judgment has not entered the motion for attorney fees is premature.

Based on the interest of judicial efficiency, Sandra Wood asks the court to exclude any mention of attorney fees in Plaintiff's Motion for the Judgment on the Pleadings, treat the request for attorney fees as a separate motion pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, and hold the motion for attorney fees in escrow until the court enters a separate judgment relating to the liability of the plaintiff. After the entry of a separate judgment, Sandra Wood requests that she be granted leave to file additional evidence, affidavits and responses to plaintiff's motion for attorney fees.

    Sandra Lee Wood,
    By her attorney,


    __/s/ Bobby Hazelton_____
    Bobby Hazelton (BBO# 635446)
    Fletcher, Tilton & Whipple, P.C.
    370 Main Street - 12th Floor
    Worcester, MA 01608-1779
    (508) 798-8621

Dated: February 18, 2005