UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, ) ) ) | ) |
| Plaintiff, ) | Civil Action No. |
| ) | 04-40207-FDS |
| v. ) | |
| ) | |
| TRICIA JEAN MURPHY, LYNN ANN POWERS, MARK ASHLEY WOOD, PENNY JEAN WOOD, and SANDRA LEE WOOD, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This is an action for interpleader to resolve a dispute over the proceeds of two annuity contracts owned by the decedent, Shirley B. Wood, with plaintiff Ohio National Life Assurance Corporation ("Ohio National"). Ohio National has conceded liability to pay the proceeds to the proper beneficiary and has deposited the disputed funds into the Court. Pending before the Court is Ohio National's motion for judgment on the pleadings discharging it from further liability pursuant to 28 U.S.C. § 2361, and for an award of costs and attorneys' fees. Defendant Sandra Lee Wood opposes the request for attorneys' fees and costs, but does not oppose the motion for a judgement discharging Ohio National from liability.[1]

## Factual Background

Shirley Wood was the owner of Single Premium Deferred Annuity Contract No.

---

[1] To date, none of the other named defendants has filed any opposition to Ohio National's motion for judgment on the pleadings and for attorneys' fees and costs.

S6624189, dated April 23, 2002, and Single Premium Deferred Annuity Contract No. S1509418, dated September 16, 2003 (the "Contracts"). The Contracts were issued to Shirley Wood by Ohio National. The death benefit value of Contract No. S6624189 is $24,152.18, and the death benefit value of Contract No. S1509418 is $65,620.94, for a total of $89,773.12.

The defendants are the children of Shirley Wood. Initially, all of the defendants were designated as beneficiaries of the Contracts. On February 6, 2004, the decedent allegedly changed both Contracts to name Sandra Lee Wood as the sole beneficiary. Shirley Wood died the next day, on February 7, 2004.

On February 17, 2004, Ohio National received notice of Shirley Wood's death and of her alleged change of beneficiary on both Contracts. Because it had not received notice of a change in beneficiary prior to Shirley Wood's death, Ohio National notified the defendants on August 18, 2004, that the proceeds from the Contracts would be distributed equally among all defendants unless written notice of an objection was received within thirty days.

Sandra Lee Wood objected to the distribution of the proceeds of the Contracts to all of the defendants equally, and contends the proceeds should be paid solely to her. The remaining defendants contend that the proceeds from the Contracts should be distributed equally.

On October 14, 2004, Ohio National filed a complaint for interpleader pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. §§ 1335, 1397, and 2361. Three of the five defendants have answered the interpleader complaint. Ohio National has deposited the disputed funds into the Court and admitted that it is liable to pay the proceeds to the proper beneficiary. It now seeks a judgment

on the pleadings discharging it from further liability and an award of $8,785.00 in attorneys' fees and $194.54 in costs incurred in connection with the prosecution of its interpleader action.

## Discussion

### I.     Motion for Judgment on the Pleadings

In any civil interpleader action, a district court "may discharge the plaintiff from further liability . . . and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361. "'If an interpleading plaintiff has no interest in the stake he should be dismissed.'" *Sun Life Assurance Co. of Canada v. Estate of Chan*, 2003 U.S. Dist. LEXIS 16943, at *6 (N.D. Cal. 2003) (quoting *Metropolitan Life Insurance Co. v. Foley*, 2002 U.S. Dist. LEXIS 20503, at *4 (E.D. La. 2002)).

Ohio National has deposited the disputed funds into the Court; admitted liability to pay the Contract proceeds to the proper beneficiary; and disavowed any further interest in this litigation. For these reasons, and because its request for a release from further liability is unopposed, the motion for judgment on the pleadings will be granted, and Ohio National will be dismissed as a party to this case.

### II.    Motion for Attorneys' Fees and Costs

Sandra Lee Wood has opposed Ohio National's request for attorneys' fees and costs. She argues that the resolution of conflicting claims is an ordinary cost of doing business for an insurance company that should not transferred to defendants and, alternatively, that the amount requested ($8,979.46 in costs and fees) is unreasonable. Ohio National argues that, as a disinterested stakeholder that has initiated an interpleader and deposited funds into the Court, it is entitled to an award of attorneys' fees and costs. It further argues that the requested amount

represents reasonable compensation for work associated with preparing its complaint and related motions.

The "general practice" in the First Circuit is that costs and attorneys' fees are "'usually awarded out of the [deposited] fund to compensate a . . . stakeholder who has been, by reason of the possession of the fund, subjected to competing claims through no fault of his own.'" *Foxborough Savings Bank v. Petrosian*, 84 F. Supp. 2d 172, 174 (D. Mass. 1999) (quoting *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962)). Costs and fees are generally available when the party initiating the interpleader (1) is totally disinterested, (2) admits liability, (3) deposits funds into the court, and (4) has asked to be relieved of any further liability. *Smith Barney v. Connolly*, 887 F. Supp. 337, 346 (D. Mass. 1994).

The court should award the stakeholder a "reasonable measure" of the attorneys' fees and costs incurred in its effort to secure interpleader. *Id.* In determining a reasonable award of attorneys' fees and costs, courts should consider the nature of the work and the amount of time devoted by counsel. *Id.* This analysis ordinarily entails an evaluation of the following factors:

> (1) whether the case is simple or involved; (2) whether the stakeholder performed any unique services for the claimant or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings.

*Id.* Courts have also considered the size of the requested award for costs and attorneys' fees in relation to the amount of funds at stake. *See, e.g., Primerica Life Insurance Co., v. Walden*, 170 F. Supp. 2d 1195, 1200 (S.D. Ala. 2001) (finding that the requested award for costs and attorneys' fees was reasonable, in part because it represented less than 1% of the funds on deposit). In any event, the award should, "[b]y its very nature," be "a relatively small amount,

simply to compensate for initiating proceedings." *Ferber Co.*, 310 F.2d at 467.

Here, there is no doubt that Ohio National qualifies under general principles for an award of costs and attorneys' fees: it is disinterested, admits liability, has deposited funds into the court, and has asked to be relieved of any further liability. *See Smith Barney*, 887 F. Supp. at 346. The only is issue is whether the requested award of $8,979.46 is reasonable under the circumstances.

The award sought represents more than 10 percent of the amount of funds in dispute ($89,773.12). Ohio National is, therefore, seeking to withhold a relatively large proportion of the deposited funds from the proper beneficiary. *Compare, e.g., Walden*, 170 F. Supp. 2d at 1200 (granting stakeholder an award of less than one-tenth of one percent of the corpus); *Smith Barney*, 887 F. Supp. at 347 (awarding stakeholder approximately 3.7% of the corpus); *see Ferber Co.*, 310 F.2d at 467 (remarking that "[t]en per cent is not the 'usual' amount" in response to the argument that the award of cost and attorneys' fees is usually ten percent of the funds at stake). An award of that magnitude might be appropriate if Ohio National had performed any special services for the claimants, or if the competing claimants had improperly protracted the proceedings or displayed any form of bad faith, or if this case were anything other than a relatively routine interpleader action. *See Smith Barney*, 887 F. Supp. at 346.

However, the work performed by counsel for Ohio National has consisted of the tasks commonly attendant to the initiation of an interpleader proceeding: preparation of the complaint, service of process, motion to deposit funds, and the motion for judgment on the pleadings and for costs and attorneys' fees. *See id.* at 346-347 (noting that, in an interpleader action, the plaintiff is typically entitled to an award for costs and fees associated with preparation and filing of the complaint, service of process, and the pursuit of costs and attorneys' fees). The award for

attorneys' fees and costs should therefore be "a relatively small amount." *See Ferber Co.*, 310 F.2d at 467.

The Court does not question that the work was in fact performed, that it was appropriate under the circumstances, and that it was charged at rates that are standard and prevalent in the community. Nor does the Court in any way dispute the quality of the work performed by counsel for Ohio National. From that standpoint, the bill is reasonable and appropriate. Nonetheless, the Court is concerned about the size of the fees relative to the size of the amounts of annuities at issue. Furthermore, the Court is particularly concerned that the beneficiaries (whoever they are) are private individuals, and that the remaining parties will have their own legal expenses to bear as this case proceeds in litigation. The Court also agrees that, at least to some extent, legal expenses such as these are an ordinary cost of doing business for an insurance company.

The Court concludes that the requested award is reasonable as a charge by counsel to its client for work performed, but excessive as a charge against a relatively small fund in dispute. In the exercise of its discretion, the Court therefore will order that Ohio National be awarded $1,500 in costs and attorneys' fees (approximately 1.67 % of the funds at stake).

### Order

For the reasons stated in the foregoing memorandum, Ohio National's motion for judgement on the pleadings is GRANTED and Ohio National's motion for attorneys' fees and costs is GRANTED in the amount of $1,500.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: March 7, 2005    United States District Judge